**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 98-4855

IVY CHYRISSE MILLER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Terrence W. Boyle, Chief District Judge.
(CR-94-70)

Submitted: August 31, 1999

Decided: September 23, 1999

Before MURNAGHAN, HAMILTON, and KING,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

M. Gordon Widenhouse, Jr., RUDOLF & MAHER, P.A., Chapel
Hill, North Carolina, for Appellant. Janice McKenzie Cole, United
States Attorney, Anne M. Hayes, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ivy Chyrisse Miller appeals the forty-eight-month sentence imposed by the district court upon revocation of her supervised release. She argues that the sentence was plainly unreasonable because it exceeded the guideline range and was imposed without a statement concerning the required statutory factors or an explanation of the court's reasons for imposing a sentence above the sentencing range, and suggests that the court erred in considering hearsay evidence. We affirm.

Miller was sentenced in 1995 to a term of 168 months imprisonment after she pled guilty to participating in a crack conspiracy. Eight months later, the district court reduced her sentence for substantial assistance, see Fed. R. Crim. P. 35(b), and reduced her sentence to time served. In March 1998, the probation officer moved to revoke Miller's supervised release, noting that a sentence above the range might be warranted under Application Note 4 to U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (1994), because Miller had previously received a downward departure for substantial assistance. At the revocation hearing, Miller admitted that she had violated her conditions of supervised release by making an unauthorized trip to Puerto Rico in September 1996 with Ben Frierson, a convicted felon, and by failing to notify her probation officer within seventy-two hours of being questioned in September 1997 by an investigator from the district attorney's office in Binghamton, New York, about a friend of hers and Frierson's who had been arrested there with two kilograms of crack cocaine in a travel bag bearing her name tag.

The sentencing range was 3-9 months. See USSG § 7B1.4. Miller requested a minimum prison term or a sentence of community service. She asserted that she had not known that Frierson had a criminal record, that she had disassociated herself from him after she was

2

questioned by the investigator, and that she failed to report her questioning because she was afraid the probation officer would think she was involved with some wrongdoing. The government, on the other hand, alleged that Miller had willfully violated her conditions of supervised release. The district court continued the hearing to allow further inquiry into these matters before it determined the revocation sentence, reserving the right to impose a sentence longer than two years if the evidence showed that Miller had gone back to drug trafficking after having her sentence reduced.

When the hearing resumed, the government proffered certain facts which made a strong circumstantial case that Miller had assisted Frierson in drug trafficking and committed other illegal acts while on supervised release. Miller stipulated to the proffered facts but denied any wrongdoing. She informed the court that she was now married to Frierson, was several months pregnant, and had been diagnosed with multiple sclerosis. The district court imposed a sentence of four years imprisonment.* On appeal, Miller argues that the sentence was plainly unreasonable because the district court did not explicitly state that it had considered the applicable policy statements in Chapter 7 of the U.S. Sentencing Guidelines Manual and did not state its reasons for imposing a sentence outside the sentencing range.

Because Miller did not object to the sentence in the district court on the grounds raised here, the plain error standard of review applies. See United States v. Olano, 507 U.S. 725 (1993) (appellant must show error which was plain, affected substantial rights, and must be corrected to protect fairness, integrity, or public reputation of judicial proceedings).

In sentencing a defendant after revoking a term of supervised release, the district court must consider certain factors set out in 18 U.S.C.A. § 3553(a), one of which is the applicable Chapter 7 policy

_____

*The statutory maximum sentence was five years imprisonment. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 1999). When Miller was sentenced for the conspiracy conviction, she was held responsible for 1.5 kilograms of crack; the statutory sentencing range was 10 years to life. See 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 1999). The offense was thus a Class A felony. See 18 U.S.C.A. § 3559(a)(1) (West Supp. 1999).

3

statements governing the revocation of supervised release terms. See 18 U.S.C.A. §§ 3553(a)(4)(B), 3583(e). The Chapter 7 policy statements, however, are not binding. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). If the court has considered the relevant factors and the applicable policy statements, the court has the discretion to impose a sentence outside the ranges set out in the sentencing guidelines. Id. at 642-43.

Miller concedes that the Chapter 7 policy statements are not binding, but questions whether the district court considered them at all because the court made no mention of them. We find that, even if the district court somehow failed to consider the Chapter 7 policy statements which were cited in the revocation motion, and the first three Olano criteria were thus met, the error would not be one that would require correction because a failure to consider non-binding information cannot seriously affect the fairness, integrity, or public reputation of judicial proceedings. Therefore, Miller has not shown that plain error occurred in this case.

Miller's claim that the sentence was unreasonable because the court failed to explain why the sentence exceeded the range is also without merit. The probation officer suggested in the motion for revocation that a sentence above the Chapter 7 range might be warranted. Miller subsequently admitted all the charged violations and stipulated to facts proffered by the government which established that she had lied to the court in the first revocation hearing, fraudulently obtained a credit card while on supervised release and used it to rent cars for Frierson, at least one of which was used to transport crack, and perjured herself at a friend's trial. The stipulated facts also provided strong circumstantial evidence that Miller had again participated in a crack conspiracy while she was on supervised release. In light of this and of the previous downward departure Miller received, the sentence was reasonable.

Since the briefs were filed, Miller has submitted as supplemental authority, in support of her argument that the sentence was plainly unreasonable, a copy of United States v. Comito , 177 F.3d 1166 (9th Cir. 1999) (holding that consideration of girlfriend's hearsay allegations at revocation hearing violated defendant's right of confrontation). Comito is inapposite because Miller stipulated to the alleged

4

violations as well as to all the incriminating facts proffered by the government, thus making direct evidence unnecessary. Moreover, we have held that in sentencing the district court may consider uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain. See United States v. Love, 134 F.3d 595, 607 (4th Cir.), cert. denied, 118 S. Ct. 2332 (1998).

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5